UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ORVILLE ROGERS,

                                          Plaintiff,

        -against-

FERNANDO BISONO; GUY PETERKIN; and
JOHN and JANE DOE 1-10, individually and in their
official capacities (the names John Doe being
fictitious, as the true names are presently unknown),



                                          Defendants.
------------------------------------------------------------------------X

***COMPLAINT AND
JURY DEMAND***

Docket No.

15-cv-6670


ECF CASE


        Plaintiff Orville Rogers, by his attorney Cary London, of London Indusi LLP, for his

complaint against Defendants alleges as follows:


## PRELIMINARY STATEMENT

        1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and

42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth

Amendments of the United States Constitution.

        2.  The claim arises from an October 9, 2014 incident in which Defendants, acting under

color of state law, unlawfully stopped and arrested Mr. Rogers without probable cause. Mr.

Rogers initially spent approximately 24 hours unlawfully in police custody. After going to Court

a number of times, Mr. Orville case was dismissed and sealed on or about July 29, 2015.

        3. Plaintiff seeks monetary damages (special, compensatory and punitive) against

Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

1

the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Southern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Orville Rogers ("Mr. Rogers") resided at all times here relevant in New York County, City and State of New York.

8. Defendant Fernando Bisono, Shield No. 23628 ("Bisono") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Bisono was, at the time relevant herein, a Police Officer under Shield # 23628 of the 13th Precinct. Defendant Bisono is sued in his individual capacity.

9. Defendant Guy Peterkin, Shield No. 18581 ("Peterkin") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Peterkin was, at the time relevant herein, a Police Officer under Shield # 18581 of the Manhattan Court Section. Defendant Peterkin is sued in his individual capacity.

10. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

13. On October 9, 2014, at approximately 4:17 p.m., Mr. Rogers was sitting on a bench outside his residence at 344 East 28th Street in New York, New York.

14. Mr. Rogers was drinking a plastic bottle of cranberry juice with the label on the bottle.

15. Mr. Rogers was not committing any crime or violating any law or local ordinance.

16. Defendants, including Bisono, parked their NYPD police van outside 344 East 28th Street.

17. Defendants, including Bisono exited the NYPD van and approached Mr. Rogers.

18. The Defendants did not observe Mr. Rogers commit any crime or infraction.

19. Defendant Bisono asked Mr. Rogers what he was drinking.

20. Mr. Rogers told him he was drinking cranberry juice.

21. Defendant Bisono then grabbed the plastic bottle of cranberry juice from Mr. Rogers.

3

22. Defendant Bisono physically stuck his nose into the bottle.

23. Defendant Bisono handed the bottle of cranberry juice back to Mr. Rogers.

24. Defendant Bisono asked Mr. Rogers for identification.

25. Mr. Rogers complied and gave Defendant Bisono his picture identification in the form of a Benefit Card.

26. Defendant Bisono took the benefit card and went back to his NYPD van.

27. A few moments later, Defendant Bisono came back to Mr. Rogers and directed him to stand up.

28. Mr. Rogers obeyed Defendant Bisono's order and stood up from the bench.

29. Defendant Bisono searched Mr. Rogers without permission or authority.

30. No contraband or anything of illegality was found on Mr. Rogers.

31. Defendant Bisono and Defendant John Doe 1 unlawfully handcuffed Mr. Rogers in an excessively tight manner causing marks on plaintiff's wrists.

32. Mr. Rogers did not resist the unlawful arrest.

33. Defendant Bisono and John Doe 1 placed Mr. Rogers into the NYPD van and drove him to the 13th Precinct, ignoring his requests to loosen the cuffs.

34. Defendants eventually transported plaintiff to central bookings.

35. While Plaintiff was in central booking, Defendant Bisono and John Doe 1, acting in concert and with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for consumption of alcohol in a public place.

36. Mr. Rogers was arraigned on those charges.

37. At arraignments, Mr. Rogers was released on his own recognizance.

38. Mr. Rogers spent approximately 24 hours unlawfully detained in police custody.

39. After coming back to court for approximately 10 months, and making approximately 8 court appearances, Mr. Roger's case was dismissed and sealed.

40. Defendants, including Defendant Bisono, repeatedly falsified information relating to the facts and circumstances surrounding Mr. Roger's arrest, including a false claim they had observed Mr. Rogers consume alcohol in public.

41. Those reports were forwarded to one or more prosecutors at the New York County District Attorney's office.

42. Notwithstanding the fact that Mr. Rogers was not convicted of the charges against him, the identification of Mr. Rogers as a person involved in the consumption of alcohol in public by Defendants would likely influence a jury's decision.

43. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Rogers without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Rogers without probable cause.

44. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Rogers and violate his civil rights.

45. As a direct and proximate result of the acts of Defendants, Mr. Rogers suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, physical pain, suffering and loss of liberty.

## FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

46. The above paragraphs are here incorporated by reference as though fully set forth.

5

47. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

48. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

49. The above paragraphs are here incorporated by reference as though fully set forth.

50. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

51. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

53. The above paragraphs are here incorporated by reference as though fully set forth.

54. By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

55. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

56. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that

there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

57. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

58. The above paragraphs are here incorporated by reference as though fully set forth.

59. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Rogers consumed alcohol in public.

60. The individual Defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

61. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution.

62. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

63. The above paragraphs are here incorporated by reference as though fully set forth.

64. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

65. Accordingly, the Defendants who failed to intervene violated the Fourth and

7

Fourteenth Amendments.

66. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)   In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)   Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)   Awarding Plaintiff compensatory and special damages in an amount to be determined by a jury;

d)   Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)   Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: August 23, 2015
        Brooklyn New York                          Respectfully submitted,


                                          _____/s/ Cary London_____
                                          *Cary London, Esq.*
                                          Bar Number: CL2947
                                          Attorney for Mr. Rogers
                                          London Indusi LLP
                                          186 Joralemon Street, Suite 1202
                                          Brooklyn, NY 11201
                                          (718) 301-4593 – Phone
                                          (718) 247-9391 – Fax
                                          Cary@LondonIndusi.com