UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/16
```

------------------------------------------X

ORVILLE ROGERS,

                          Plaintiff,                  15 Civ. 6670

   -against-                                   OPINION

FERNANDO BISONO; GUY PETERKIN; AND JOHN
AND JANE DOE 1-10, individually and in
their official capacities (the names John
Doe being fictitious as the true names
are presently unknown),

                          Defendants.

------------------------------------------X

A P P E A R A N C E S:


Attorneys for Plaintiff

LONDON INDUSI, LLP
186 Joralemon Street
Suite 1202
Brooklyn, NY 11201
By:  Cary London, Esq.


Attorneys for Defendants

ZACHARY W. CARTER
CORPORATION COUNSEL OF THE CITY OF NEW YORK
100 Church Street
New York, NY 10007
By:  Elizabeth Bardauskis, Esq.

**Sweet, D.J.**

Defendants Fernano Bisono ("Bisono"), Guy Peterkin ("Peterkin"), and John and Jane Doe 1-10 (collectively "Defendants") have moved pursuant to Federal Rules of Civil Procedure 12(b)(6) to dismiss the Complaint filed by Orville Rogers ("Rogers" or "Plaintiff").  Upon the facts and conclusions set forth below, the motion to dismiss is granted in part and denied in part.

**Prior Proceedings**

Plaintiff filed his complaint on August 23, 2015 alleging that Defendants violated his constitutionally protected civil rights under 42 U.S.C. §§ 1983, 1988 by arresting him without probable cause and prosecuting him for an infraction that Defendants knew he did not commit.

The motion was marked fully submitted and heard on submission on April 14, 2016.

**The Facts**

1

On October 9, 2014 Plaintiff was sitting on a public bench when he was approached by Bisono and other Defendants. (Compl. at ¶ 13.)  Plaintiff was holding a beverage while sitting on the bench and alleges that this beverage was a bottle of cranberry juice.  (Compl. at ¶ 14.)  Defendants contend that it was a can of Budweiser beer and that Plaintiff was in violation of the state statute prohibiting drinking alcohol in public.  Defendants took the beverage away from Plaintiff and smelled the beverage.  (Compl. at ¶¶ 21-22.)

Bisono and other Defendants arrested Plaintiff and he was held in custody for approximately 24 hours.  (Compl. at ¶ 38.)  Plaintiff was required to come back to court eight times over approximately 10 months.  (Compl. at ¶ 39.)  Plaintiff further alleges that Bisono and other Defendants conveyed the false information about the bottle being a can of beer and not a plastic bottle of cranberry juice to prosecutors.  (Compl. at ¶ 35.)  Plaintiff alleges that Defendants knew they were fabricating this version of the facts since they saw the beverage was a plastic bottle of cranberry juice and they falsified the facts to claim is was a can of beer.  Plaintiff alleges that "Defendants, including Defendant Bisono, repeatedly

falsified information relating to the facts and circumstances surrounding Mr. Roger's arrest." (Compl. at ¶ 40.)

Ultimately, the Government dropped the charges against Plaintiff, and the records were sealed. (Compl. at ¶ 39.)

**The Applicable Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader

3

is entitled to relief." Twombly, 550 U.S. at 557 (internal quotation marks omitted).

Additionally, while "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" Munoz-Nagel v. Guess, Inc., No. 12-1312, 2013 WL 1809772, *3 (S.D.N.Y. Apr. 30, 2013) (quoting Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010)); Prince v. Madison Square Garden, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); Williams v. Calderoni, No. 11-3020, 2012 WL 691832, *7 (S.D.N.Y. Mar. 1, 2012)). The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Twombly, 550 U.S. at 555 (citation and internal quotation omitted).

**Plaintiff Failed to Sufficiently Allege Personal Involvement Against Defendant Peterkin**

To establish liability under 42 U.S.C. § 1983 against an individual defendant, Plaintiff must show that a defendant personally "subjects, or causes to be subjected" any person to

4

the deprivation of any federal right.  Bass v. Jackson, 790 F.2d
260, 263 (2d Cir. 1986).  Generalized allegations against a
group of defendants will not suffice, "It is well settled in
this Circuit that 'personal involvement of defendants in alleged
constitutional deprivations is a prerequisite to an award of
damages under § 1983.'"  Colon v. Coughlin, 58 F.3d 865, 873 (2d
Cir. 1995) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir.
1994)).

Personal involvement is a requirement to bring a claim
against an individual defendant, and there is no allegation that
Peterkin was physically present during the initial arrest or had
any personal knowledge about the alleged fabricated story and
evidence.  Plaintiff argues that each time he refers to the
plural "Defendants" in his complaint that he is describing
Bisono, Peterkin, and all John Doe Defendants.  However, such
generic descriptions of all defendants are not sufficient to
survive a motion to dismiss with respect to an individual
defendant.  Defendants claim that Peterkin was not involved
until Plaintiff was arraigned and criminally charged for the
offense.  Plaintiff does not allege any contrary facts.  Since
it is not alleged that Peterkin was personally involved in the
arrest or subsequent fabrication of evidence, he is dismissed

5

from the case.  Cortes v. City of New York, 148 F.Supp.3d 248,
255 (E.D.N.Y. 2015) ("[T]here is no evidence that Vaccarino had
any role in plaintiff's arrest. He arrived after the arrest
occurred.").

**Plaintiff Stated a Legally Sufficient Claim for False Arrest**

          Federal courts have found that "an arrest without
probable cause is a constitutional violation [of the Fourth
Amendment] actionable under § 1983." Patzig v. O'Neil, 577 F.2d
841, 848 (3d Cir. 1978).  "A § 1983 claim for false arrest,
resting on the Fourth Amendment right of an individual to be
free from unreasonable seizures, including arrest without
probable cause, . . . is substantially the same as a claim for
false arrest under New York law." Weyant v. Okst, 101 F.3d 845,
852 (2d Cir. 1996).  Under New York law, a claim for false
arrest must show that "the defendant intentionally confined him
without his consent and without justification." Id.  However,
it is a complete defense to a claim for false arrest if there
was probable cause.  Id.

          In this case there is a significant dispute of fact
over whether the container Defendants seized from Plaintiff

6

contained beer, which would be illegal and give Defendants probable cause for Plaintiff's arrest, or cranberry juice, which would mean there was no probable cause.  However, that key issue cannot be resolved on a motion to dismiss.  Here, Plaintiff has sufficiently pled that at the time of the incident, Plaintiff was holding a container of cranberry juice further alleging that Defendants fabricated that the container was a can of beer. Viewing the facts in the light most favorable to Plaintiff, Plaintiff has alleged that he was intentionally confined "without his consent and without justification."  Id.


**Plaintiff Did Not Sufficiently Allege Malice for a Claim for Malicious Prosecution**


To establish a valid claim for malicious prosecution under 42 § 1983, a plaintiff must prove:  (1) the defendant initiated a prosecution against plaintiff; (2) the defendant lacked probable cause to believe the proceeding could succeed; (3) the defendant acted with malice; (4) the prosecution was terminated in plaintiff's favor; and (5) there was a post-deprivation of liberty sufficient to implicate the plaintiff's Fourteenth Amendment rights.  Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997).

7

Viewing the facts in the light most favorable to the non-moving party, the Defendants initiated a prosecution against Plaintiff, even though no prosecutors are named in the Complaint.  While "there is a presumption that a prosecutor exercises independent judgment" in deciding whether to bring a criminal case, a police officer can be liable for malicious prosecution "'when a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors.'"  Brome v. City of New York, No. 02 Civ. 7184, 2004 WL 502645, at *5 (S.D.N.Y. Mar. 15, 2004) (quoting Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997).  In this case, Plaintiff has alleged that Bisono made false statements that Plaintiff was publicly in possession of alcohol, conveyed the false information to prosecutors, and the information is likely to influence a jury's decision.  For these reasons the Plaintiff has likewise sufficiently alleged the second element of the claim -- that the Defendants lacked probable cause to believe the case could proceed.  Further, Plaintiff satisfies the fourth element of the claim because he alleges that the case was dismissed in his favor.

Plaintiff also adequately pled that he suffered a deprivation of liberty, the fifth element of a malicious

prosecution claim.  Here, Plaintiff claims that being required

to attend eight court appearances is sufficient to establish a

deprivation of liberty.  (Compl. at ¶ 39.)[1]  However, Defendants

argue that being required to make a court appearance, without

more, does not constitute a deprivation of liberty.  Burg v.

Gosselin, 591 F.3d 95, 98 (2d Cir. 2010).  There remained a

tension between this language in Burg and the holding in Murphy,

which found that the plaintiff in that case was deprived his

liberty when required to attend eight court appearances and was

ordered not to leave the state as a condition of bail.  Murphy

v. Lynn, 118 F.3d at 946.  One of the factors driving the

varying results in the two cases was that the Burg case only

involved one court appearance in contrast to the eight required

appearances in Murphy.  Burg v. Gosselin, 591 F.3d at 98.

However, the Court noted that "it is hard to see how multiple

appearances required by a court . . . can be attributed to the

conduct of the officer who issues it."  Id.


      However, this tension was resolved in the Second

Circuit's decision in Swarz v. Insonga, which held that being

required to attend criminal proceedings as a term of post-

---

[1] Defendants claim in their reply brief that this argument must fail because
Plaintiff did not allege he was required and did attend eight court
appearances in 10 months.  (Def. Rep. Br. at 6.)  However, that allegation
was explicitly included in the Complaint at paragraph 39.

arraignment release is a deprivation of liberty for the purpose
of a claim for malicious prosecution.   704 F.3d 105, 112 (2d
Cir. 2013).   The Court in Swarz found that when the officer
"swore out a complaint [against the plaintiff] and filed it in a
criminal court, he commenced a criminal action" which "put in
motion proceedings that rendered the defendant at all times
subject to the orders of the court . . . and foreseeably
required him to incur the expense of a lawyer and the
inconvenience and perhaps expense of multiple court
appearances."  Id.  Ultimately, the Court in Swarz declined to
apply the dictum from Burg to "the different context of a
plaintiff who was required to appear in court in connection with
criminal proceedings initiated by the defendant police officer."
Id.

     Here, the Plaintiff was required to appear in court on
eight occasions, which is a sufficient deprivation of liberty
under the test articulated in Swarz and Murphy.   In this case
Bisono is the officer who arrested Plaintiff, though he did not
swear to the charging instrument.   While two officers in this
case served the function of only one officer in Swarz,[2] this

---

[2] Importantly, there are no facts in the complaint, nor in Defendants
submissions, that indicate that the officer who swore to the charging
instrument knew about the alleged fabrication of evidence.

distinction is not a fatal to Plaintiff's motion to dismiss.
Zahrey v. Coffey, 221 F.3d 342, 353 (2d Cir. 2000) ("It would be
a perverse doctrine of tort and constitutional law that would
hold liable the fabricator of evidence who hands it to an
unsuspecting prosecutor but exonerate[s] the wrongdoer who
enlists himself in a scheme to deprive a person of liberty.").
For those reasons, Plaintiff has sufficiently pled a claim for
malicious prosecution.

However, to prove a claim for malicious prosecution,
the Plaintiff must also show that the Defendants acted with
malice.  When evaluating if there was malice in a claim for
malicious prosecution, malice "'does not necessarily involve
spite, hatred, malevolence, or a corrupt design; it is
sufficiently established by showing that the baseless suit was
instituted from any improper and wrongful motive.'"  Brault v.
Town of Milton, 527 F.2d 730, 739 (2d Cir. 1975) (en banc)
(quoting Sparrow v. Vermont Sav. Bank, 95 Vt. 29, 33, 112 A.
205, 207 (1921)).  Further, malice requires demonstrating that
the officer acted "due to a wrong or improper motive, something
other than a desire to see the ends of justice served."
Nardelli v. Stamberg, 44 N.Y.2d 500, 502, 406 N.Y.S.2d 443, 377
N.E.2d 975 (1978).  Here, Plaintiff has not shown malice because

11

he fails to allege any wrong or improper motive.  While Plaintiff alleges that he was unlawfully stopped and arrested, he does not allege what actual malice animated the officer to make the arrest and bring these charges.


**Plaintiff Did Not Sufficiently Allege a Violation of his Right to a Fair Trial**


As a threshold question, Defendants seek to dismiss the right to a fair trial claim because it is duplicative of the malicious prosecution claim.  However, this argument is belied by the case law cited by the parties.  "By allowing the plaintiffs in Ricciuti to bring their fair trial claim in addition to a claim for malicious prosecution, the Second Circuit established that the two types of claims may co-exist in a single action."  Nibbs v. City of New York, 800 F.Supp.2d 574, 576 (S.D.N.Y. 2011) (discussing Ricciuti, 124 F.3d at 130).  This is the case even if the claims are based on the same set of facts.  Brandon v. City of New York, 705 F.Supp.2d 261, 276 (S.D.N.Y. 2010) ("[I]n Ricciuti the plaintiff brought claims for both malicious prosecution and denial of his fair right to trial based on the same alleged fabrication of evidence, and the Court of Appeals permitted both claims.")  Therefore in this case, Plaintiffs can maintain causes of action for both claims.

The Second Circuit has defined the violation of a
right to a fair trial as:  "When a police officer creates false
information likely to influence a jury's decision and forwards
that information to prosecutors, he violates the accused's
constitutional right to a fair trial." Ricciuti, 124 F.3d at
130; see also Jovanovic v. City of New York, No. 04 Civ.
8437(PAC), 2006 WL 2411541, at *13 (S.D.N.Y. Aug. 17, 2006).
Here, Plaintiff does not state an adequate claim for denial of a
right to a fair trial.  The test for whether a plaintiff's right
to a fair trial was violated asks whether a government official
manufactured false evidence against the accused and that
evidence caused the accused to suffer a deprivation of liberty.
Alford v. City of New York, No. 11 Civ. 622, 2012 WL 3764429, at
*4 (E.D.N.Y. Aug. 29, 2012).

In this case, Plaintiff alleged that there was not
probable cause, but Plaintiff has only alleged that Defendants
made false statements about his arrest – not that the officer
manufactured false evidence against him.  Plaintiff alleges that
Defendants, including Bisono, saw Plaintiff drinking a bottle of
cranberry juice, but falsely arrested him and told prosecutors
that he was drinking alcohol.  (Compl. at ¶¶ 14, 21-23, 35, 40-

13

42.)  These allegations fall short of alleging that a government
official manufactured false evidence against Plaintiff.   For
this reason, Plaintiff's right to fair trial claim cannot
survive the motion to dismiss.

**Defendants Are Not Entitled to Qualified Immunity**

Defendants are not entitled to qualified immunity
because in the light most favorable to Plaintiff, there was no
probable cause or even "arguable probable cause" for any of the
actions at issue.   Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir.
2004).   As in this case, it is "objectively unreasonable for [an
officer] to believe he had probable cause to arrest [plaintiff]
if [the officer] himself fabricated the grounds for arrest."
Scotto v. Almenas, 143 F.3d 105, 113 (2d Cir. 1998).   Here,
Plaintiff alleges that Bisono and other Defendants knew
Plaintiff was drinking cranberry juice, but claimed it was
alcohol and used the container of juice as probable cause to
arrest him.   Viewing the facts in the light most favorable to
the non-moving party, Defendants cannot be protected by
qualified immunity since they allegedly fabricated evidence.

**Conclusion**

Upon the conclusions set forth above, the motion of the Defendant to dismiss the Complaint is granted in part and denied in part.

It is so ordered.

New York, NY
August 3 , 2016

ROBERT W. SWEET
U.S.D.J.

15